# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 06-453

**STATE OF LOUISIANA**

**IN THE INTEREST OF**

**G. R.**

\*\*\*\*\*\*\*\*\*\*

**APPEAL FROM THE**
**FIFTEENTH JUDICIAL DISTRICT COURT**
**PARISH OF ACADIA, JUVENILE COURT DOCKET NO. 4189**
**HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE**

\*\*\*\*\*\*\*\*\*\*

**JAMES T. GENOVESE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

**REVERSED AND REMANDED.**

**L. Antoinette Beard**
**825 Kaliste Saloom Road**
**Brandywine I, Room 218**
**Lafayette, Louisiana 70508**
**(337) 262-1555**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **State of Louisiana, Department of Social Services**

**Michael Harson**
**District Attorney – Fifteenth Judicial District**
**ADA Angela H. Wagar**
**Post Office Box 288**
**Crowley, Louisiana 70527-0288**
**(337) 788-8831**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **State of Louisiana**

**Brett A. Stefanski**
**Edwards, Stefanski & Zaunbrecher, L.L.P.**
**Post Office Drawer 730**
**Crowley, Louisiana  70526-0730**
**(337) 783-7000**
**COUNSEL FOR MINOR CHILD:**
    **G. R.**


**J. Marshall Montgomery**
**802 Johnston Street**
**Lafayette, Louisiana  70501**
**(337) 269-0083**
**COUNSEL FOR PARENTS/APPELLEES:**
    **M. R. and S. H.**


**Edward G. Saal, Jr.**
**Post Office Box 176**
**Gueydan, Louisiana  70542-0176**
**(337) 536-9210**
**COUNSEL FOR MATERNAL GRANDPARENTS/APPELLEES:**
    **R. H. and M. H.**

**GENOVESE, Judge.**

This is an appeal by the State of Louisiana, Department of Social Services (DSS), from a dispositional review hearing wherein the trial court rendered a judgment dividing the legal and physical custody of the minor, G. R.[1], placing him in the legal custody of the DSS, and the physical custody of his maternal grandparents. The DSS asserts that the trial court erred in dividing the physical custody and legal custody of G. R. between it and the minor's maternal grandparents. For the following reasons, we reverse the judgment of the trial court and remand this matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On October 14, 2005, G. R. was placed in the temporary custody of the DSS pursuant to an oral instanter order which was confirmed by a written instanter order that same day. A continued custody hearing was held on October 17, 2005. The trial court ordered that custody of G. R. continue with the DSS; however, a hand-written notation also appeared on the order of continued custody declaring "[t]he placement of the child is to be split equally between the maternal grandparents . . . and the paternal grandmother . . .."

On October 25, 2005, the DSS filed a petition to adjudicate G. R. as a child in need of care pursuant to La.Ch.Code art. 606(A)(2)[2]. G. R. was continued in the custody of the DSS and was subsequently adjudicated in need of care at a hearing held on December 5, 2005. The trial court entered a judgment of adjudication and

---

[1]Pursuant to Rules 5-1 and 5-2 of the Uniform Rules-Courts of Appeal, the initials of the parties will be used to protect and maintain the privacy of the minor child involved in this proceeding.

[2]Louisiana Children's Code article 606(A)(2) provides that allegations of a child in need of care must be made when the child is a victim of neglect.

disposition granting the legal custody of G. R. to the DSS, and the physical custody to the maternal grandparents of G. R., with visitation granted to the paternal grandmother. It is from this judgment that the DSS appeals.

## LAW AND DISCUSSION

"[A]n appellate court cannot set aside a juvenile court's findings of fact in the absence of manifest error or unless those findings are clearly wrong." *In re A. J. F.*, 00-948, p. 25 (La.6/30/00), 764 So.2d 47, 61.

The DSS argues that La.Ch.Code art. 672 grants it the sole authority to make placement determinations for children in its custody; therefore, the DSS contends that the trial court erred by dividing the physical custody and legal custody of G.R. between it and the minor's maternal grandparents. We agree.

Article 672 of the Louisiana Children's Code provides:

> A.    Whenever custody of a child is assigned to the Department of Social Services, the child shall be assigned to the custody of the department rather than to a particular placement setting. The department shall have sole authority over the placement within its resources and sole authority over the allocation of other available resources within the department for children judicially committed to its custody.
>
> B.    The court *shall not divide legal and physical custody whenever assigning custody to a department in accordance with this Article*, Articles 619, 622, 627, 681, 700, or 716, or any other statute or provision of law. The court shall specify other public agencies or institutions that have legal or financial responsibility, or both, to provide their particular services identified at disposition or subsequent case review. Placing custody of a child with one state department shall not remove the obligation of any other state department to provide services to that child from their resources for which the child is eligible under state or federal statute or state or federal appropriation, including but not limited to twenty-four-hour care.

(Emphasis added.)

In *State in the Interest of L. C. B.*, 01-2441, p. 7 (La. 1/15/02), 805 So.2d 159, 163, the supreme court interpreted La.Ch.Code art. 672 stating that "when the court

2

assigns custody of a child adjudicated in need of care to [DSS], the Department has 'sole authority' over the placements within its resources of those children." The court further elaborated:

> Under the statutory scheme in place for children adjudicated in need of care and placed in the custody of [DSS], the court retains the ultimate authority over a child's placement and may approve or reject a case plan submitted by the Department, but it may not revise the plan or make any particular placements itself.

*Id.* at 165.

Following the supreme court's rationale in *L. C. B.*, this court in *State ex rel. D. B. v. M. O.*, 03-1408, p. 6 (La.App. 3 Cir. 2004), 870 So.2d 1143, 1146 (emphasis added) held that:

> This article [La.Ch.Code art. 672(A)] has been interpreted to mean once custody of a child is placed with [DSS], if the court finds the child is not being properly cared for it may remove the child from the custody of the [DSS]. *However, the court is without power to designate a particular treatment plan or placement.*

In the instant case, the trial court's order that G. R., a child adjudicated in need of care and placed in the legal custody of the DSS, be placed in the physical custody of his maternal grandparents, with visitation granted to his paternal grandmother, was in violation of La.Ch.Code art. 672. The trial court exceeded its authority by dividing the legal and physical custody of G. R. which, in effect, ordered a particular placement that DSS alone was entitled to make.

## DECREE

For the foregoing reasons, that portion of the trial court's judgment granting the physical custody of G. R. to his maternal grandparents, with visitation granted to his paternal grandmother, is hereby reversed and vacated. We remand this matter for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

3